ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| SHEYLA LUISSETTE ORTIZ PAGÁN<br><br>Peticionaria<br><br>v.<br><br>TRIPLE-S SALUD, INC.<br><br>Recurrido | KLCE202400825 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2021CV08230<br><br>Sobre:<br>Discrimen por Impedimento (Ley Núm. 441 Procedimiento Sumario Bajo Ley Núm. 2 |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de agosto de 2024.

I.

El 15 de diciembre de 2021, la señora Sheyla Luissette Ortiz Pagán presentó Querella contra Triple-S Salud, Inc. (Triple S), por discrimen por impedimento. El día 23 de diciembre de 2021, Triple-S contestó la Querella. Tras subsiguientes enmiendas a la Querella como a la contestación de la misma, el 14 de diciembre de 2023, la señora Ortiz Pagán presentó "Moción en cumplimiento", en la que informó que, conforme al descubrimiento de prueba realizado, estaría notificando a la Lcda. Kayra Dávila Torres como su testigo. El 18 de diciembre de 2023, Triple-S se opuso mediante "Oposición a "Moción en cumplimiento de orden e informativa" y solicitud de orden urgente".

El 3 de enero de 2024, la señora Ortiz Pagán solicitó la descalificación de la Lcda. Dávila Torres como abogada de Triple-S, debido a que la estaría utilizando como testigo al ser ella la oficial de recursos humanos que manejó personalmente sus solicitudes de

acomodo mientras trabajó en Triple-S. El 23 de febrero de 2024, Triple-S se opuso a la descalificación solicitada. El 27 de febrero de 2024, la señora Ortiz Pagán presentó réplica. Posteriormente, presentó moción acreditando intervenciones adicionales de la Lcda. Dávila Torres.

Así las cosas, en una vista celebrada el 11 de julio de 2024, las partes argumentaron sobre la descalificación solicitada. En la *Minuta* de dicha vista,[1] el Tribunal de Primera Instancia ordenó que se depusiera a la Sra. Mayra Santiago, para con ello, junto a la documentación solicitada, la señora Ortiz Pagán informara si el testimonio de la Lcda. Dávila Torres era o no necesario. De dicha determinación, el 29 de julio de 2024, la señora Ortiz Pagán recurrió ante nos mediante *Petición de Certiorari*. Plantea:

> Erró el Honorable Tribunal de Primera Instancia al no descalificar a la representación legal de la parte querellada, al ser la Lcda. Kayra Dávila, quien fue la oficial de recursos humanos que manejó las solicitudes de acomodo razonable presentadas por la querellante, y condicionar el que la parte querellante la pueda utilizar como testigo a que se deponga a la Sra. Mayra Santiago López, cuando la Sra. Santiago López no fue testigo de las conversaciones y comunicaciones con la querellante y no estuvo presente.

II.

A poco examinamos la determinación impugnada, notamos que se trata de una determinación interlocutoria no revisable bajo la Regla 52.1 de Procedimiento Civil.[2] Procede la *desestimación* del recurso. Elaboremos.

La precitada Regla 52.1 dispone:

> Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.
>
> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de

---

[1] Minuta fue entrada en SUMAC el 22 de julio de 2024.
[2] 32 LPRA Ap. V., R. 52.1.

Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales.[3]

La transcrita disposición reglamentaria, así como todo el nuevo cuerpo de Reglas de Procedimiento Civil, es el resultado del esfuerzo por ofrecer a la ciudadanía el mayor acceso a la justicia. Incorpora normas cuyo propósito es viabilizar el más ágil manejo y trámite de los casos. Originalmente, en el Informe rendido por el Comité Asesor Permanente de las Reglas de Procedimiento Civil, se propuso que la Regla 52 sólo incluyera una referencia general a los demás medios utilizados para revisar sentencias y resoluciones, además de la apelación y el *certiorari.* Sin embargo, aunque el Tribunal Supremo adoptó las mismas el 4 de septiembre de 2009, añadió a la citada Regla 52, un segundo y tercer párrafo a los fines de particularizar las instancias en las que este Foro Apelativo tendría **jurisdicción discrecional** para atender asuntos interlocutorios mediante *certiorari.*

Respecto a la revisión de órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, específicamente se estableció que el recurso de *certiorari* solamente sería expedido al recurrirse de una

---

[3] *Íd.*

resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. A modo de aclaración, la propia Regla dispuso que "[c]ualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales".[4]

No existe duda, de que el propósito ínsito en el propuesto esquema reglamentario perseguía limitar la presentación y expedición de los recursos de *certiorari* para revisar órdenes o resoluciones de naturaleza interlocutoria, que lejos de adelantar o agilizar el proceso, lo encarecen y dilatan injustificadamente. No obstante, en el ejercicio de su facultad de evaluar y aprobar las Reglas propuestas,[5] nuestra Asamblea Legislativa entendió que los párrafos adicionados a la Regla 52 por el Tribunal Supremo para delimitar nuestra facultad de revisión sobre ciertos asuntos interlocutorios, excluían controversias medulares que por cuestiones de política pública o interés del Estado merecían ser consideradas. Por ello, al aprobar el nuevo cuerpo de normas reglamentarias mediante la Ley Núm. 220 de 29 de diciembre de 2009, incluyó en su Art. 23 como una excepción a la norma general, la facultad de este Foro para considerar asuntos interlocutorios relacionados a controversias sobre admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia.

Posteriormente, mediante la Ley Núm. 177 de 30 de noviembre de 2010, la Asamblea legislativa amplió una vez más el ámbito de nuestra autoridad revisora. Añadió a las circunstancias

---

[4] *Íd.*

[5] Conforme al mandato del Art. V, Sec. 6, de la Constitución del Estado Libre Asociado de Puerto Rico, 1 LPRA § 6, el 17 de septiembre de 2009, el Tribunal Supremo remitió las Reglas de Procedimiento Civil de Puerto Rico para su final aprobación por la Asamblea Legislativa.

que permiten nuestra intervención, "aquellos casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia".[6] Justificó la Enmienda en que, la Regla 52.1, al disponer de forma taxativa las circunstancias que permiten a este Foro Intermedio Apelativo revisar una resolución u orden interlocutoria dictada por el Tribunal de Primera Instancia, no vislumbró situaciones excepcionales, que requieren nuestra intervención interlocutoria para corregir errores del Tribunal de Primera Instancia.[7]

Resulta más que evidente que la Regla 52.1 regula y define de **forma taxativa nuestra autoridad** para revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia. Ergo, cualquier otra circunstancia que no se ajuste a ese ámbito de autoridad, no puede ser revisable, sino hasta dictada la sentencia correspondiente, mediante recurso de apelación.

III.

En este caso, la señora Ortiz Pagán pretende que asumamos jurisdicción y revisemos un dictamen que ni siquiera tiene características de finalidad. Lejos de denegar la solicitud de descalificación presentada por la señora Ortiz Pagán, el Foro recurrido todavía no ha tomado, ni menos notificado, una determinación final en torno a ella. Como bien expresa la señora Ortiz Pagán en su recurso de *certiorari*, el Tribunal de Primera Instancia se limitó a ordenar que se depusiera a la Sra. Mayra Santiago, para con ello y la documentación solicitada, la señora Ortiz Pagán informara si el testimonio de la Lcda. Dávila Torres era o no necesario. Es decir, el Tribunal de Primera Instancia aplazó la evaluación de la solicitud de descalificación hasta que se superara

---

[6] Ley Núm. 177-2010.
[7] Véase Exposición de Motivos, Ley Núm. 177 de 30 de noviembre de 2010; *Rivera Figueroa* v. *Joe's European Shop*, 183 DPR 580, 593-596 (2011).

la etapa de descubrimiento de prueba, específicamente, la toma de deposición de una testigo que declarará sobre las mismas materias sobre las que declararía la abogada suscribiente y, hasta luego de la señora Ortiz Pagán justifique que es necesario utilizar a la abogada como su testigo. De la señora Ortiz Pagán concluir que es necesario el testimonio de la Lcda. Davila Torres, presumiblemente el Foro *a quo* tomará la determinación de si procede o no la descalificación de dicha letrada como abogada de Triple-S. Hasta entonces, no existe un dictamen final del que pueda recurrirse. Siendo el recurso prematuro porque el dictamen recurrido carece de finalidad, el **único curso de acción disponible es su desestimación, por falta de autoridad en ley para atenderlo.**[8]

Por los fundamentos antes expuesto, se *desestima* el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] Véanse, reglas 83(B)(1), 83(B)(3) y 83(B)(4) del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 83.